FILED
SUPERIOR COURT
OF GUAM

2022 OCT 12 AM 10: 53

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>GERALD WAYNE CRUZ II<br>*aka* Gerard Wayne Cruz II,<br><br>Defendant. | Case No. CF0619-18<br><br>**DECISION AND ORDER**<br>(Motion for the Jury To Be Instructed That If the Evidence Supports the Charge, the Jury May Convict Defendant of the Misdemeanor Offense of Killing the Animal of Another, Instead of the Felony Offense of Causing It Serious Bodily Harm) |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on July 14, 2022, for a Motion Hearing on Gerald Wayne Cruz II's ("Defendant") Motion for the Jury To Be Instructed That If the Evidence Supports the Charge, the Jury May Convict Defendant of the Misdemeanor Offense of Killing the Animal of Another, Instead of the Felony Offense of Causing It Serious Bodily Harm ("Motion for Jury Instruction"). Assistant Public Defender William Bischoff appeared for Defendant. Assistant Attorney General Katherine Nepton appeared for the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **defers determination of the motion until after Defendant completes his presentation of the evidence at trial.**

## BACKGROUND

On September 7, 2021, the Supreme Court of Guam issued an opinion reversing the dismissal of the felony animal abuse/cruelty charges contained in the Second Superseding Indictment and remanding the case for further proceedings not inconsistent with its opinion. *People v. Cruz*, 2021 Guam 10. On September 27, 2018, Guam Police Department ("GPD") received a report that that a dog was shot on Goro Elena Street in Yigo. Mag. Complaint, Oct. 12, 2022. Upon interviewing witnesses, GPD learned that several animals in the area were shot in the months preceding the September 27 shooting. *Id.* Witnesses alleged Defendant committed these shootings. *Id.*

Upon remand, the Grand Jury Indicted Defendant on the following charges: (1) Two Counts of Animal Cruelty (As a Third Degree Felony) with Two Counts of the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Three Counts of Possession of an Unregistered Firearm (As a Third Degree Felony); and (3) Unsworn Falsification (As a Misdemeanor). Second Superseding Indictment, July 1, 2021. Defendant filed the instant motion. Mot. for Jury Instruction, May, 3, 2022. The People filed an opposition. People's Opp'n, to Def.'s Mot. for Jury Instruction, May 12, 2022. Defendant filed Amended Motion for the Jury To Be Instructed That If the Evidence Supports the Charge, the Jury May Convict Defendant of the Misdemeanor Offense of Killing the Animal of Another, Instead of the Felony Offense of Causing It Serious Bodily Harm ("Amended Motion for Jury Instruction"). Amended Mot. for Jury Instruction, May 20, 2022. The Court held a Motion Hearing and took the parties' arguments under advisement. Minute Entry, July 14, 2022.

# DISCUSSION

Defendant requests the Court "instruct the jury that it may convict him of the misdemeanor offense of killing an animal of another, or of the 10 GCA §§ 34111 and 34124 violation Persons attacked by Animal and Penalties, instead of the felony offense of seriously injuring it, if there is sufficient evidence at trial to support the charge." Amended Mot. for Jury Instruction at 1. The People argue that the misdemeanor offense of killing an animal of another is not a lesser included offense of 9 G.C.A § 70.10.1(a)(1) under the *Blockburger* test because the statutes have different elements. People's Opp'n. to Def.'s Mot. for Jury Instruction at 2–3.

Title 8 G.C.A § 105.58 permits the fact finder to convict the defendant of an offense he is not indicted if it is included within the offense he is indicted. The lesser included offense doctrine ensures the jury is not forced to make an "all or nothing" choice between conviction of the crime charged and complete acquittal. "The defendant must demonstrate that (1) the lesser offense is within the offense charged, and (2) based on the evidence presented at trial, a rational jury could find the defendant guilty of the lesser offense but not the greater." *People v. Perez*, 1999 2 ¶ 24 (*citing United States v. Wagner*, 834 F.2d 1474, 1487 (9th Cir. 1987). "A rational basis for the verdict on the lesser offense exists if there is substantial evidence supporting the verdict." *Id.* at ¶ 12 (*citing People v. Perez*, 1999 2 ¶ 24).

The Court finds that because determination of whether 10 GCA §§ 34111 and 34124 is a lesser included offense of 9 G.C.A § 70.10.1(a)(1) requires the Court to evaluate the evidence Defendant's presents at trial, issuing a decision on Defendant's Motion for Jury Instruction prior to trial is untimely. Title 8 G.C.A § 65.40 states "[a] motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial

of the general issue or until after the verdict." The Court holds that the issue of a lesser included offense is not ripe for review and it will issue a decision after Defendant has finished presenting evidence at trial.

**CONCLUSION AND ORDER**

For the above reasons, the Court **defers determination of the motion until after Defendant completes his presentation of the evidence at trial.** A further proceeding will be held on Nov. 15, 2022 @ 11am.

SO ORDERED, this _____ day of ____ **OCT 1 2 2022** ____ 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam